NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESMELIN MARILIA VASQUEZ-
ANTUNEZ,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   18-71617

Agency No. A208-294-284

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2024[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Esmelin Marilia Vasquez-Antunez and her minor child are natives and citizens of Honduras. They petition for review of the Board of Immigration Appeals' (BIA) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We deny the petition.

1. Asylum and Withholding of Removal:  Substantial evidence supports the BIA's conclusion that Antunez failed to establish that she or her child are entitled to asylum or withholding of removal.  The BIA affirmed the immigration judge's (IJ) denial of the petitioners' applications for asylum and withholding after adopting the IJ's adverse credibility determination.  We review adverse credibility determinations under the substantial evidence standard.  *Soto-Olarte v Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009).

The IJ found Antunez's testimony not credible because, between her applications for relief and her oral testimony, Antunez omitted material details about physical abuse by her husband.  *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185–86 (9th Cir. 2016).  She also made material inconsistent statements regarding (1) the severity of her experiences with sexual assault and kidnapping by gang members and (2) her location and legal status at the time that gang members murdered her family members.  *See id.* at 1187–88.  Antunez said that her testimony was inconsistent because she either did not want to remember the details of her experiences or felt that she could not reveal the details when preparing the applications.  The IJ concluded that her explanations were inadequate and that she thus lacked credibility.  Nothing in the record compels a reasonable adjudicator to conclude to the contrary.  *See id.* at 1185–88 (holding that a fear of retaliation and

2

forgetting the details of events may be insufficient explanations for material omissions and inconsistencies). And absent credible testimony, the petitioners' asylum and withholding claims fail.

2. <u>CAT:</u> We decline to consider the petitioners' CAT claim because they did not exhaust this claim before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a mandatory claim-processing rule when the government properly raises it).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**